[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10676

_____

D.C. Docket No. 5:12-cr-00035-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDY FULLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 31, 2014)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

After oral argument and careful consideration of the briefs and the record, we readily conclude that the judgment of the district court should be affirmed. Resolution of this case requires no expansion of the law established by the Supreme Court in <u>Sell v. United States</u>, 539 U.S. 166, 123 S.Ct. 2174 (2003).

In <u>Sell</u>, the Supreme Court held that an individual accused of a serious crime (against the person or property) who had been found incompetent to stand trial could be forced to take antipsychotic drugs in order to render him competent to stand trial, but such involuntary medication could be ordered only after satisfying the following prerequisites. As summarized (and abbreviated) by the district court, these prerequisites are:

> (1) <u>Important</u> governmental interests are at stake;
>
> (2) Involuntary medication will <u>significantly further</u> those concomitant [governmental] interests;
>
> (3) Involuntary medication is <u>necessary</u> to further those interests; and
>
> (4) Administration of the drugs is <u>medically appropriate</u>, i.e., in the patient's best medical interest in light of his medical condition.

District court, docket 89 at 3-4 (emphasis in original, but quotations and citations omitted).[1]

---

[1]    The Court in <u>Sell</u> also held that: "We . . . believe that a court, asked to approve forced administration of drugs for purposes of rendering a defendant competent to stand trial, should ordinarily determine whether the Government seeks, or has first sought, permission for forced administration of drugs on these other <u>Harper</u>-type grounds; and, if not, why not." <u>Id.</u> at 183, 123 S.Ct. at 2186. In this case, the district court did examine whether the involuntary administration of drugs to Fuller would be justified on the basis of the grounds discussed in

In this case, the district court made the findings required by Sell and ordered that Fuller may be involuntarily medicated pursuant to Sell.   In his appeal, Fuller challenges the district court's holding only on the basis of the first Sell prerequisite.  Accordingly, we examine this first prerequisite in more detail.   The Court held:

> First, a court must find that *important* governmental interests are at stake.  The government's interest in bringing to trial an individual accused of a serious crime is important.   That is so whether the offense is a serious crime against the person or a serious crime against property. . . .   Courts, however, must consider the facts of the individual case in evaluating the government's interest in prosecution.

Sell, 539 U.S. at 180, 123 S.Ct. at 2184.  Thus, if a crime of which Fuller is accused is "serious," then the government's interest in prosecuting Fuller is "important."   And, in evaluating the government's interest in prosecuting Fuller, courts "must consider the facts of the individual case."  Id.

Fuller argues on appeal that the district court erred in concluding that Fuller's charged offense was a serious crime, and thus he argues that the government has failed to satisfy the first Sell prerequisite – the existence of important governmental interests.   We disagree.

--------

Washington v. Harper, 494 U.S. 210, 110 S.Ct. 1028 (1990) (holding that an inmate with a serious mental illness may be treated with anti-psychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest).  The district court found that involuntary administration of drugs in this case was not justified on the basis of Harper grounds.  Fuller does not challenge this holding on appeal.

To resolve this case, we need not decide whether the charged offense here – felon in possession of a firearm – is, as a general matter, a serious crime.  As noted, the Supreme Court expressly held, with respect to this first Sell prerequisite, that courts "must consider the facts of the individual case in evaluating the government's interest in prosecution."  Id.  The facts of the instant case involve the discovery of the firearm in Fuller's possession during a parole officer's visit to Fuller's residence triggered by Fuller's threat to harm law enforcement officers.[2]  Under any reasonable standard derived from Sell, the crime of which Fuller is accused is a serious crime, creating an important governmental interest in prosecuting Fuller.[3]

---

[2]    On appeal, Fuller argues that his comments were misunderstood as a threat.  However, the district court heard the relevant testimony, and expressly found as a fact that Fuller had issued a threat in the instant case.  Because this finding of fact is not clearly erroneous, the facts of the instant case include the fact of defendant's threat.

[3]    Because the facts surrounding the charged offense in this case amply support the conclusion that this is a serious crime, and because the Supreme Court in Sell has mandated consideration of such facts, we need not in this case elaborate further with respect to the reach of the Sell decision.  For example, we need not address the weight to be accorded to the fact that the statutory maximum sentence is ten years.  And although the very structure of the felon in possession offense would seem to invite consideration of the nature of the prior conviction by virtue of which Fuller was rendered a felon, we need not in this case decide whether it was appropriate to consider Fuller's prior felony conviction (which incidentally was aggravated assault on a police officer).  Finally, although established criminal justice principles would seem to indicate that the seriousness of the charged offense is aggravated by a criminal history of prior convictions of serious criminal behavior – see, e.g., the Sentencing Guidelines – we need not so decide in this case because we readily conclude that Fuller's charged offense is a serious crime without taking into consideration Fuller's criminal history.

4

For the foregoing reasons, we conclude that the result of this case is dictated by the Supreme Court decision in <u>Sell</u>, and that the judgment of the district court is due to be affirmed.

AFFIRMED.